# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JUDD D. COHEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **NO. 13-40100-TSH** |
| | ) | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ON DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION FOR JUDGMENT ON THE PLEADINGS (Docket No. 7)
**March 28, 2014**

HILLMAN, D.J.

Plaintiff Judd D. Cohen ("Plaintiff") brought an action against Federal National Mortgage Association ("Defendant") for the wrongful foreclosure of a residential mortgage. Specifically, Plaintiff alleged that Defendant's right-to-cure notice failed to strictly comply with M.G.L. c. 244 § 35A and with the terms of the mortgage. Defendant moved for judgment on the pleadings, and this Court held a hearing on that motion on February 14, 2014.

In their briefs and at the hearing, the parties agreed that the lower courts were split on the issue of whether the right-to-cure notice required under § 35A is part of the statutory sale and thus requires strict compliance. The parties further agreed that it would be prudent for this Court to await the decision of the Massachusetts Supreme Judicial Court ("SJC") in *U.S. Bank Nat. Ass'n v. Schumacher* before ruling on Defendant's motion, as this decision would likely be dispositive.

In *Schumacher*, the SJC considered "whether § 35A is part of the foreclosure process itself and, if so, whether a mortgagee's failure to comply strictly with its provisions, particularly the notice requirements, renders a foreclosure sale void." 467 Mass. 421, 422 (2014). Specifically, the defendant in *Schumacher* failed to accurately disclose the mortgagee, or anyone holding thereunder, in the right-to-cure notice it sent to the plaintiff as required by § 35A. *Id*. at 427-28. The SJC noted that the "[f]ailure to comply strictly with the power of sale renders the foreclosure sale void." *Id*. at 428 (citing *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 646–647, 941 N.E.2d 40 (2011)). However, the SJC concluded that a right-to-cute notice issued pursuant to § 35A is "designed to give a mortgagor a fair opportunity to cure a default" rather than being the first step in terminating the mortgagor's rights through the power of sale. *Id*. at 430-31. Therefore, the right-to-cure notice does not relate to the foreclosure of mortgages by the exercise of a power of sale such that *Ibanez* requires strict compliance. *Id*. at 431.

Here, Plaintiff argued that Defendant's foreclosure is void because the notice-to-cure failed to strictly comply with § 35A or with the mortgage's acceleration clause. After *Schumacher*, it is clear that Massachusetts law does not require strict compliance with § 35A. Moreover, Plaintiff's argument that the notice-to-cure must strictly comply with the mortgage's acceleration clause, lest the foreclosure be void, is based on the language in *Ibanez* requiring strict compliance with the statutes governing the power of sale. *Schumacher* states that the right-to-cure notice is not a step in exercising the power of sale, but a way for mortgagors to avoid such a consequence. Therefore there is no basis for Plaintiff's contention that failure to strictly comply with the terms of the mortgage governing the right-to-cure notice voids the foreclosure.[1]

---

[1] It is worth noting that the only alleged failure to comply with the terms of the mortgage's acceleration clause is that the mortgage servicer, on behalf of the mortgagee, rather original lender or mortgagee, sent the notice.

## Conclusion

For the reasons set forth above, Defendant's Motion for Judgment on the Pleadings

(Docket No. 7) is **<u>granted</u>**.

SO ORDERED.


<u>/s/ *Timothy S. Hillman*</u>
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**


.